United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10722
Summary Calendar

GEORGE DARRELL ASHBY,

Plaintiff-Appellant,

versus

RICHARD WILLIS; JOEHASSIN CORDERO; TERESA GOINS; NFN STARK,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CV-114-BG
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

George Darrell Ashby, Texas prisoner # 580793, appeals the
magistrate judge's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous for failure to state a claim upon which relief may be
granted. We review de novo a dismissal for failure to state a
claim. See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

Ashby argues that the district court misconstrued his
claims; he asserts that his claims against Dr. Richard Willis and
Dr. Joehassin Cordero were based on their decision to perform his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

throat surgery at the prison rather than an outside hospital. This represents a disagreement with a course of recommended medical treatment. "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Ashby's claim against Dr. Willis for failing to properly supervise his subordinates is also without merit. "[S]upervisory officials are not liable [under § 1983] for the actions of subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

Ashby's claims against defendants Goins and Stark also fail to state a claim. Ashby has not alleged that these defendants acted with malice in their use of a pair of tight handcuffs. We have held that handcuffing a person too tightly, without more, does not state an excessive force claim. See Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001).

Ashby also asserts that, since his surgery, he has suffered from chronic throat infections and that he has been diagnosed with hepatitis C. Despite Ashby's assertion that he presented these claims below, we find no mention of them in his pleadings. We decline to consider claims raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

As this appeal lacks arguable merit, it is DISMISSED AS FRIVOLOUS.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Ashby's motion for appointment of counsel is DENIED.

The district court's dismissal and the dismissal of Ashby's appeal both count as strikes for the purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Ashby is warned that, if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.